**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDGAR JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3389** |
| **TERRY TERRELL, WARDEN ALLEN CORRECTIONAL CENTER** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

## I. Factual Background

The petitioner, Edgar Jones ("Jones"), is a convicted inmate incarcerated in the Allen Correctional Center in Kinder, Louisiana.[2] On September 4, 2002, Jones was charged by bill of information in Orleans Parish with the attempted second degree murder of Webster Lewis.[3]

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 5, Bill of Information, 9/4/02.

The record reflects that Edgar and Eva Jones were married for eight years.[4] Edgar Jones testified that Eva began having an affair with Webster Lewis while Edgar and Eva were married. He learned this from their six-year old daughter. He testified that Eva began staying out until the early morning hours and was neglecting their children. They separated soon after, but they continued to see each other on a regular basis and took weekend trips together. Lewis, according to Jones, impeded his attempts to reconcile with his wife.

Eva Jones filed for divorce in February of 2001, and the divorce was finalized in February of 2002. Eva testified that she did not start dating Lewis until July of 2001, while the Joneses were separated.

On the night of July 2, 2002, Jones shot Lewis at the Spur Gas Station on Read Road where Eva was the station cashier. Jones claimed that, during the chance encounter with Lewis at Eva's work place, he heard a click and saw a semi-automatic weapon on Lewis. Jones then shot Lewis. Eva called 911 for police and medical assistance and Jones left the station.

Detective Bernard Crowden responded to the call. When he arrived at the location, emergency medical personnel were working on Lewis. Crowden observed several bullet casings and one bullet jacket on the ground near Lewis. Eva Jones informed Crowden that Edgar Jones, her ex-husband, shot Lewis. She also told Crowden that the gas station's video surveillance system recorded the shooting. Crowden secured the surveillance tape and then relocated to the Seventh District Station where he investigated the information he received from Eva Jones.

Crowden developed an address for Jones and dispatched uniformed officers to the location; however, the officers did not find Jones or his vehicle at the address. Crowden obtained an arrest

---

[4]The facts of the case were taken from the unpublished opinion of the Louisiana Fourth Circuit Court of Appeal. St. Rec. Vol. 2 of 5, 4th Cir. Opinion, 2004-KA-1061, 11/17/04; *State v. Jones*, 886 So.2d 703 (La. App. 4th Cir. 2004).

warrant for Jones and search warrants for Jones's residence and truck. Searches of the residence and truck failed to produce a weapon. Crowden did recover from his residence a gun cleaning kit, one black nylon holster for a .9 millimeter handgun, and an ammunition box containing four .9-millimeter bullets.

The day after the shooting, Jones turned himself in at the Seventh District Station. Crowden advised him of his rights, and Jones indicated that he understood his rights. Although Jones indicated his willingness to make a statement, he gave no inculpatory statement. Instead, Jones denied any knowledge or involvement in the shooting. Jones requested an attorney, but the officers denied his request and continued to interrogate him without reading him his rights.

In August of 2002, Lewis viewed a photographic lineup assembled by Crowden, and he identified Jones as the man who shot him. Jones testified at trial that he had no ill-feelings toward Lewis, and that he shot him in self-defense. Jones also indicated that he did not know that he had wounded Lewis until Detective Crowden spoke to him two days after the incident.

Jones was tried before a jury on August 19, and 20, 2003, and was found guilty as charged.[5] On October 30, 2003, the Trial Court sentenced Jones to serve 30 years in prison without benefit of parole, probation, or suspension of sentence.[6] The Trial Court granted counsel's motion for appeal on November 6, 2003.[7]

---

[5]St. Rec. Vol. 1 of 5, Trial Minutes (3 pages), 8/19/03; Trial Minutes, 8/20/03; Verdict of the Jury, 8/20/03; St. Rec. Vol. 2 of 5, Trial Transcript, 8/19-20/03.

[6]St. Rec. Vol. 1 of 5, Sentencing Minutes, 10/30/03; St. Rec. Vol. 2 of 5, Sentencing Transcript, 10/30/03.

[7]St. Rec. Vol. 1 of 5, Motion and Order for Appeal, 11/6/03.

On June 4, 2004, Jones submitted an application for post-conviction relief to the Trial Court alleging that his trial counsel was ineffective for failure to secure an appeal.[8] The Trial Court denied the request as moot on June 15, 2004, because counsel's motion for appeal had been granted on November 6, 2003.[9]

On direct appeal, Jones's counsel raised for assignments of error:[10] (1) the State failed to prove attempted second degree murder beyond a reasonable doubt; (2) the Trial Court erred in denying the defense motion for mistrial based on the State's comments on his post-arrest silence; (3) the Trial Court erred in admitting the surveillance video tape into evidence; and (4) the sentence was excessive. On November 17, 2004, the Louisiana Fourth Circuit affirmed Jones's conviction and sentence finding no merit in the claims.[11]

On December 14, 2004, Jones submitted a writ application to the Louisiana Supreme Court seeking review of the same four assignments of error.[12] The Court denied the application without stated reasons on April 29, 2005.[13] Jones's conviction became final 90 days later, on July 28, 2005, when he did not file a writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

---

[8]St. Rec. Vol. 1 of 5, Application for Post-Conviction Relief, 6/10/04 (dated 6/4/04).

[9]St. Rec. Vol. 1 of 5, Trial Court Judgment, 6/15/04; Minute Entry, 6/16/05.

[10]St. Rec. Vol. 2 of 5, Appeal Brief, 2004-KA-1061, 8/25/04.

[11]St. Rec. Vol. 2 of 5, 4th Cir. Opinion, 2004-KA-1061, 11/17/04; *State v. Jones*, 886 So.2d at 703.

[12]St. Rec. Vol. 4 of 5, La. S. Ct. Writ Application, 05-KO-170, 1/21/05 (postmarked 12/15/04, dated 12/14/04).

[13]St. Rec. Vol. 4 of 5, La. S. Ct. Order, 2005-KO-0170, 4/29/05.

## II. Procedural History

On August 4, 2005, Jones submitted an application for post-conviction relief, including a motion for production of certain documents, to the Trial Court raising six grounds for relief:[14] (1) ineffective assistance of counsel for failing to subpoena witnesses; (2)(a) the trial was fundamentally unfair and prejudicial where the State knowingly presented perjured testimony, (b) the State withheld or suppressed favorable evidence, and (c) counsel was ineffective for failure to investigate to disclose the improprieties in the hearsay testimony relied on by the State; (3) the Trial Court erred in allowing the testimony of Farrah Daigle and Shannon Willis; (4) the Trial Court erred in allowing the expert testimony of Dr. Lisardo Garcia in the field of surgical medicine and trauma surgery; (5) the Trial Court erred in failing to instruct the jury on the law applicable to this case; and (6) the Trial Court erred in allowing his ex-wife to testify against him. The Trial Court denied the application and motion for production on August 19, 2005, finding that claim five, challenging expert testimony should have been raised on direct appeal and was therefore waived under La. Code Crim. P. art. 930.4(B).[15] The Court found the remaining claims to be without merit.

On December 16, 2005, the Louisiana Fourth Circuit denied Jones's related writ application finding no error in the Trial Court's August 19, 2005, order denying post-conviction relief.[16] Jones did not seek further review of this ruling.

In the meantime, on September 12, 2005, Jones submitted a pleading entitled "Petition to Recall, Rescind, and/or Annul Judgment of August 19, 2005 Denying Petitioner's Application for

---

[14] St. Rec. Vol. 1 of 5, Application for Post-Conviction Relief, 8/6/05 (dated August 4, 2005). The court's file-stamp appears on the front of the cover sheet submitted with the application.

[15] St. Rec. Vol. 1 of 5, Trial Court Judgment, 8/19/05; Minute Entry, 8/23/05.

[16] St. Rec. Vol. 5 of 5, 4th Cir. Order, 2005-K-1436, 12/16/05; 4th Cir. Writ Application, 2005-K-1436, 11/14/05 (9/17/05).

Post-Conviction Relief" suggesting that the Trial Court failed to file his pleadings into the record before ruling on it.[17] The Trial Court denied the motion on January 30, 2006.[18]

Jones thereafter submitted another application for post-conviction relief to the Trial Court on February 28, 2007, raising three grounds for relief:[19] (1) the Trial Court failed to admonish the jury and failed to grant a mistrial when the State commented on petitioner's post-arrest silence during closing arguments; (2) insufficient evidence to support the verdict; and (3) he was denied a fair trial when the victim was allowed to testify. By order issued March 15, 2007, the Trial Court refused to consider the application because it was repetitive, citing La. Code Crim. P. art. 930.4(A), (B).[20] The Court found that claims one and two were addressed on direct appeal and claim three was raised in the prior application for post-conviction relief.

The Louisiana Fourth Circuit denied Jones's related writ application on May 15, 2007, finding no error in the Trial Court's ruling.[21] The Louisiana Supreme Court also denied Jones's related writ application to that Court on March 24, 2008.[22]

---

[17]St. Rec. Vol. 1 of 5, Petition to Recall, Rescind, and or Annul Judgment of August 19, 2005, 1/31/06 (cover letter dated 9/12/05).

[18]St. Rec. Vol. 1 of 5, Trial Court Order, 1/30/06.

[19]St. Rec. Vol. 1 of 5, Application for Post-Conviction Relief, dated 2/28/07. The submission date is taken from the cover letter submitted with the application.

[20]St. Rec. Vol. 1 of 5, Trial Court Judgment, 3/15/07; Minute Entry, 3/15/07.

[21]St. Rec. Vol. 5 of 5, 4th Cir. Order, 2007-K-0521, 5/15/07; 4th Cir. Writ Application, 2007-K-0521, 4/26/07 (dated 4/20/07).

[22]*State ex rel. Jones v. State*, 977 So.2d 949 (La. 2008); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2007-KH-1254, 8/24/08; La. S. Ct. Writ Application, 07-KH-1254, 6/14/07 (dated 5/31/07); St. Rec. Vol. 1 of 5, La. S. Ct. Letter, 2007-KH-1254, 6/14/07 (showing postal meter 5/31/07).

## III. Federal Petition

On April 24, 2009, the clerk of this Court filed Jones's petition for federal habeas corpus relief in which he raised three grounds for relief:[23] (1) trial counsel was ineffective because he failed to subpoena key witnesses; (2) trial counsel was ineffective because he failed to conduct a diligent investigation that would have disclosed improprieties in the testimony presented to the jury; and (3) the sentence was excessive. In his memorandum in support of the petition, Jones further argues the following: (1) insufficient evidence to support the conviction; (2) the trial was unfair because the State used perjured testimony and trial counsel failed to investigate sufficiently to recognize the improprieties in the testimony; and (3) the Trial Court failed to provide adequate reasons for the admission of certain evidence.

The State filed a response in opposition to Jones's petition arguing that the petition was not timely filed, and should be dismissed for that reason.[24]

## IV. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[25] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on July 15, 2008.[26] The threshold questions in habeas review under the amended

---

[23]Rec. Doc. No. 1, p. 2.

[24]Rec. Doc. No. 7.

[25]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[26]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000);

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State argues that Jones's petition was not timely filed. The Court agrees and will address this defense.

## V. Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[27] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above, Jones's conviction became final on July 28, 2005, which was 90-days after the Louisiana Supreme Court denied his writ application after direct appeal.

---

*Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Jones's petition on April 24, 2009, when the filing fee was paid. Jones's signature on the petition is dated July 15, 2008. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[27]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

Under the plain language of § 2244, Jones's had until July 28, 2006, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Jones's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.

*Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 122 (2002) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for documents and transcript copies are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.).[28]

In this case, the AEDPA's one-year filing period began to run on July 29, 2005, the day after Jones's conviction became final. It ran for six days, until August 4, 2005, when Jones submitted his application for post-conviction relief to the Trial Court. Affording Jones every benefit, that application is considered to have remained pending until March 1, 2006, which was 30 days after the Trial Court denied his motion to vacate the August 19, 2005, judgment, and he did not pursue review of that denial.

---

[28]*Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

The one-year filing period began to run again on March 2, 2006, and did so without interruption for the remaining 259 days, until February 23, 2007, when it expired. Jones had no properly filed state post-conviction or other collateral review pending during that time period. His next state court filing was the application for post-conviction relief submitted on February 28, 2007. Pleadings filed after the expiration of the AEDPA filing period do not provide any tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The Court also notes that another 113 days passed between the conclusion of his state post-conviction pursuits on March 24, 2008, and his submission of this federal petition on July 15, 2008. His federal petition was untimely filed.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

Under a broad reading of Jones's petition, he contends that his petition is timely, because it was filed within one year of the conclusion of his state post-conviction pursuits on March 24, 2008, when the Louisiana Supreme Court denied his last writ application.[29] The Fifth Circuit has held that the operative date for limitations purposes is when the state conviction becomes final upon completion of state appellate review, not upon the completion of the state post-conviction process. *See Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Furthermore, although the filing

[29]Rec. Doc. No. 1, p. 2, quest. 4.

period under the AEDPA is shorter than that under state law, the AEDPA's statute of limitations does not improperly run afoul of Louisiana law or the Due Process and Equal Protection Clauses. Any such conflict does not render the AEDPA unconstitutional and, therefore, does not provide a basis for habeas corpus relief or equitable tolling. *See generally*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ellis v. Martin*, 202 F.3d 281, 1999 WL 1101241 at *3 (10th Cir. Dec. 6, 1999) (Table, Text in Westlaw).[30] Moreover, the AEDPA itself provides for resolution of any such conflict between state and federal post-conviction rights through its statutory tolling provisions discussed below. *See* 28 U.S.C. §2244(d)(2). Jones has not presented and the record discloses no basis for the imposition of equitable tolling in this case.

Jones's federal petition is deemed filed on July 15, 2008, which is over sixteen months after the AEDPA filing period expired on February 23, 2007. Missing the deadline by even a few days nevertheless renders the petition untimely. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Jones's federal petition must be dismissed as untimely filed.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Edgar Jones's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

[30]Although the *Ellis* case is without precedential value and has been designated as an unpublished decision by the Tenth Circuit, this Court finds the reasoning of *Ellis* instructive.

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[31]

New Orleans, Louisiana, this 21st day of January, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[31]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.